JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    E-mail: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. CR03-40164 SBA |
|---|---|
|     Plaintiff, | ) |
| v. | ) STIPULATION AND [PROPOSED] ORDER FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(c)(2) |
| ARTHUR LEE ANDERSON III, | ) |
|     Defendant. | ) |

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties acting through their respective counsel, that:

    1.    On May 16, 2008, the United States filed a Notice of Eligibility for Sentencing Modification under 18 U.S.C. § 3582(c)(2). The notice stated, <u>inter alia</u>, that "[i]f the Court elects to consider a sentencing modification of the defendant on its own motion, the United States and the defendant are prepared to submit a stipulation recommending a sentence reduction." The Office of Probation's Crack Amendment Report dated May 1, 2008 was attached to the notice. The parties had agreed to a stipulation/proposed order, and were awaiting a decision from this Court regarding

STIPULATION FOR SENTENCING
MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 03-40164 SBA

the sentence modification and whether to file the stipulation/proposed order. The parties hereby file this stipulation and proposed order based upon the defense counsel's discussion with this Court's deputy clerk last week.

2. The Court makes its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

3. After defendant's appeal and remand from the United States Court of Appeals for the Ninth Circuit, defendant's guideline calculation was as follows:

    Total Offense Level: 33

    Criminal History Category III

    Guideline Range: 168 to 210 months' imprisonment

    Mandatory Minimum: 120 months

4. On September 19, 2006, the date of defendant's remanded sentence, the Court imposed a prison term of 175 months. The amended judgment was entered on September 26, 2006.

5. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

6. Defendant's revised guideline calculation is a follows:

    Total Offense Level: 31

    Criminal History Category III

    Guideline Range: 135 to 168 months imprisonment

    Mandatory Minimum: 120 months

7. According to the Office of Probation's "Crack Amendment Report" dated May 1, 2008, defendant "is scheduled to be released from the Bureau of Prisons on May 11, 2017. He has worked as an orderly since his incarceration. He has taken course work in recreation, management, and culinary arts. He paid the special assessment while in custody. The defendant has maintained clear conduct and has not been the subject of any disciplinary/incident reports. The defendant's prior history consists of convictions for possession of methaqualone, reckless driving (2 times), false

identification (2 times), and possession of a narcotic controlled substance. He has no history of weapons or violent offenses."

8. In its report, the Office of Probation has recommended that defendant be committed to the custody of the Bureau of Prisons for a term of 140 months. As set forth in the Office of Probation's Report, "[t]he recommended sentence is based on a comparable analysis of the original sentence imposed. The original guideline range was 168-210 months and the Court imposed a sentence of 175 months. The 175 months represents a 4% increase from the low end of that applicable guideline range. With the amended calculation of a range of 135-168 months, the same comparable 4% increase from the low end of the range yields a recommended sentence of 140 months (with rounding)."

9. Based upon the foregoing, the parties hereby stipulate that a sentence of 140 months imprisonment is appropriate and reasonable in this matter.

10. The parties further stipulate that all other aspects of the amended judgment entered on September 26, 2006, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed.

11. Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

12. Defendant waives his right to appeal the district court's sentence modification under 18 U.S.C. § 3582(c)(2). Defendant further waives any right he may have to file any collateral attack on the district court's modified sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after he is sentenced, except for a claim that his constitutional right to the effective assistance of counsel was violated.

STIPULATION FOR SENTENCING
MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 03-40164 SBA                     3

13. Accordingly, the parties agree and stipulate that a second amended judgment may be entered by the Court in accordance with this stipulation pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

IT IS SO STIPULATED.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: October 31, 2008

DEBORAH R. DOUGLAS
Assistant United States Attorney

DATED: October 31, 2008

JOHN J. JORDAN
Attorney for defendant

STIPULATION FOR SENTENCING
MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 03-40164 SBA                                4

## ORDER

Based upon the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED that:

1. The Court is making its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

2. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

3. The Amended Judgment, entered on September 26, 2006, in the above-captioned case is further amended to reduce the term of imprisonment to 140 months. A sentence of 140 months imprisonment is appropriate and reasonable in this matter. All other aspects of the amended judgment, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed.

4. After defendant's appeal and remand from the United States Court of Appeals for the Ninth Circuit, defendant's guideline calculation was as follows:

    Total Offense Level: 33

    Criminal History Category III

    Guideline Range: 168 to 210 months' imprisonment

    Mandatory Minimum: 120 months

    Sentence Imposed in Amended Judgment: 175 months

5. Defendant's revised guideline calculation under USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual* is:

    Total Offense Level: 31

    Criminal History Category III

    Guideline Range: 135 to 168 months imprisonment

    Mandatory Minimum: 120 months

1  6. A Second Amended Judgment shall be entered by the Court in accordance with the
2  parties stipulation pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the
3  *United States Sentencing Commission Guidelines Manual.*
4  7. Defendant waived his right to a hearing in this matter pursuant to Fed. R. Crim. P.
5  43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United*
6  *States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).
7  8. Defendant waived his right to appeal the sentence imposed by this Order. Defendant
8  further waived any right he may have to file any collateral attack on the sentence imposed by this
9  Order, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C.
10 § 3582, at any time in the future after he has been sentenced, except for a claim that his constitutional
11 right to the effective assistance of counsel was violated.

DATED: 4/17/09

SAUNDRA B. ARMSTRONG
United States District Court Judge